

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00040-CV

**MATTHEW MARK HESLEP,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2008-1531-C1

## O R D E R

In this proceeding, appellant, Matthew Mark Heslep, attempts to appeal from an August 24, 2018 withdrawal "order" entered by the trial court. On March 13, 2019, by memorandum opinion, this Court dismissed Heslep's appeal. *See generally Heslep v. State*, No. 10-19-00040-CV, 2019 Tex. App. LEXIS 1997 (Tex. App.—Waco Mar. 13, 2019, no pet.) (mem. op.). In an order issued on April 10, 2019, we reinstated this case. *See generally Heslep v. State*, No. 10-19-00040-CV, 2019 Tex. App. LEXIS 3056 (Tex. App.—Waco Apr.

10, 2019, order) (reinstating this case after dismissal for failure to pay the filing fee for this appeal). In reinstating the case, we stated the following in our April 10, 2019 order:

> Even if this order is an appealable order under *Harrell*, *see Harrell v. State*, 286 S.W.3d 315 (Tex. 2009), more than ninety days have passed from the signing of the order; thus, it appears that Heslep's notice of appeal dated February 1, 2019 is untimely under the extended period of Texas Rule of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a.

Accordingly, we notified Heslep that this appeal may be dismissed unless, within twenty-one days from April 10, 2019, a response was filed showing grounds for continuing the appeal.

More than twenty-one days later, on June 17, 2019, Heslep filed a response, arguing that this appeal should be treated as a restricted appeal, which extends the filing deadline for his notice of appeal to within six months from the date the order was signed.[1] *See* TEX. R. APP. P. 26.1(c), 30. In making this argument, Heslep asserted that his notice of appeal was filed within six months of the complained-of August 24, 2018 "order" and that neither he nor his counsel "was present during the action that is being complained of."[2] He did not, however, address whether or not the withdrawal "order" is an appealable order under *Harrell*. *See Harrell v. State*, 286 S.W.3d 315, 315 n.1 (Tex. 2009)

---

[1] Heslep's response does not appear to be compliant with the service requirements of Texas Rule of Appellate Procedure 9.5. *See* TEX. R. APP. P. 9.5. For this one instance, we will implement Texas Rule of Appellate Procedure 2 to suspend to Rule 9.5 service requirement for this filing. *See id.* at R. 2. However, we remind Heslep that all documents filed in this Court must comply with Rule 9.5.

[2] We do not express, at this time, an opinion as to whether this proceeding should be treated as a restricted appeal, as Heslep argues. In fact, we make no comment on the timeliness of Heslep's appeal at this time, as it appears that we lack jurisdiction over this matter.

(noting that a "withdrawal order" is actually a notification from the court, not an order); *see also In re Ocon*, No. 11-18-00007-CR, 2018 Tex. App. LEXIS 598, at *2 (Tex. App.—Eastland Jan., 19, 2018, orig. proceeding) (mem. op.) ("[A]n order ruling on a motion to strike or rescind an order to withdraw inmate funds would be appealable." (citing *Harrell*, 286 S.W.3d at 321))); *Kelley v. State*, No. 10-17-00169-CR, 2018 Tex. App. LEXIS 61, at *6 (Tex. App.—Waco Jan. 3, 2018, no pet.) (mem. op.) ("And because the document contemplated in section 501.014(e) is merely a notification to TDCJ, the 'order' to withdraw fund is not a final, appealable order; therefore, . . . this Court lacks jurisdiction to address a complaint about an 'order' to withdraw funds.").

Therefore, pursuant to Texas Rule of Appellate Procedure 42.3 and 44.3, appellant is notified that this case is subject to dismissal because it does not appear that the withdrawal "order" is an appealable order. Accordingly, the Court will dismiss this appeal unless, within twenty-one days from the date of this order, a response is filed showing grounds for continuing the appeal.

Additionally, Heslep has not filed a docketing statement in this matter. We are mailing appellant three copies of the docketing statement—one to complete and return to this Court, a second to complete and serve on the parties, and a third to complete and keep. The completed docketing statement must be filed within twenty-one days from the date of this order. If the completed docketing statement is not filed within twenty-one days from the date of this letter, this appeal will be dismissed without further notification.

*See* TEX. R. APP. P. 42.3(b), (c); *see also id.* at R. 44.3.  Furthermore, like any other document

filed with the appellate clerk, the docketing statement must be served in accordance with

the Rules of Appellate Procedure.  *See id.* at R. 9.5.


PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Order issued and filed July 10, 2019
Do not publish

